[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2008
THOMAS K. KAHN
CLERK

No. 07-10734
Non-Argument Calendar

_____

D. C. Docket No. 05-20916-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KAREEM ROBERTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 21, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Kareem Roberts appeals his 108-month sentence, which was imposed after

he pled guilty to conspiracy to distribute 50 grams or more of a mixture and

substance containing a detectable amount of cocaine base, in violation of 21 U.S.C.

§§ 841(a)(1), 846. The 108-month term was at the lowest end of the Guidelines range Roberts faced. On appeal, Roberts contends that the sentence was unreasonable because: (1) the district court failed to consider any of the factors of 18 U.S.C. § 3553(a) in imposing sentence; (2) the court improperly applied a presumption of reasonableness to the advisory guidelines; and (3) the facts of his case supported a downward variance sentence. After careful review, we affirm.

After United States v. Booker, 1125 S.Ct. 738 (2005), we review sentences for reasonableness, United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005), which the Supreme Court has clarified is synonymous with the abuse-of-discretion standard, Gall v. United States, 128 S.Ct. 587, 596 (2007). Our appellate review for reasonableness consists of two steps. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we must we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall, 128 S. Ct. at 597). If we conclude that the district court made no procedural errors, we must consider the "'substantive reasonableness of the sentence imposed, under an

abuse-of-discretion standard,'" taking into account the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). In reviewing for substantive reasonableness, we consider the sentence, in its entirety, in light of the 18 U.S.C. § 3553(a) factors, which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 785-86 (11th Cir. 2005). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), abrogated on other grounds by Kimbrough v. United States, 128 S.Ct. 558 (2007).

Here, Roberts's sentence was procedurally sound. The record demonstrates that the district court allowed Roberts to present arguments as to a reasonable sentence, including why he believed that a downward variance was appropriate. The court also noted that the amended PSI "contain[ed] the advisory guidelines," which was an implicit recognition of the effect of Booker on the once mandatory

3

Guidelines. Moreover, the court reasoned that "a sentence at the low end of the sentencing guideline range . . . [was] the most reasonable sentence" in light of "all the factors contained in the statute [§ 3553(a)]."

Turning to the substantive reasonableness of Roberts's sentence, the record shows that the district court imposed the 108-month sentence only after listening to and considering the parties' evidence and arguments as to a reasonable sentence. Moreover, the district court's rejection of Roberts's request for a sentence below the Guidelines range, and finding that a sentence within the range was appropriate, was not unreasonable, or an abuse of discretion. The district court noted that the sentence imposed was appropriate given that the nature of the offense was "very, very serious," but Roberts did not have an extensive criminal history and he was remorseful for his actions. Thus, the court explicitly discussed at least two of the § 3553(a) factors -- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1), and the need to reflect the seriousness of the offense, § 3553(a)(2)-- and these findings are sufficient to permit meaningful appellate review of the chosen sentence and to promote the perception of fair sentencing. The district court was not required to mention every § 3553(a) factor. Cf. Williams, 456 F.3d at 1363 (noting that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the

4

district court"). And we can find no indication in the record to support Roberts's suggestion that the district judge applied a presumption that a within-Guidelines sentence would reasonable.[1]

On this record, Roberts has not met his burden to establish unreasonableness. Accordingly, we affirm his 108-month sentence.

**AFFIRMED.**

---

[1] Cf. Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (holding that a court of appeals may afford a presumption of reasonableness to a within-Guidelines sentence); United States v. Campbell, 491 F.3d 1306, 1314 n.8 (11th Cir. 2007) (noting that, although we have not normally afforded a within-Guidelines sentence a presumption of reasonableness, the Rita decision calls that policy into question).